UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-81488-CIV-MARRA

PETER COPPOLA BEAUTY, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

CASARO LABS, LTD., a New
York limited liability company,
SAMUEL LUBLINER, an individual,
and RODNEY VICARRI, an individual,

    Defendants/Third Party Plaintiffs,

v.

PETER COPPOLA, an individual,

    Third Party Defendant.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Plaintiff, Peter Coppola Beauty, LLC's Motion to Amend the Findings of Fact & Conclusions of Law Pursuant to Fed. R. Civ. P. 52(b) and/or For a Rehearing Pursuant to Fed. R. Civ. P. 59 [DE 123].  The motion is fully briefed and ripe for review.  The Court has carefully considered all relevant filings, and is otherwise fully advised in the premises.

Plaintiff, Peter Coppola Beauty, LLC ("PCB"), moves the Court to amend its Findings of Fact and Conclusions of Law (the "Findings and Conclusions") (DE 114) and/or conduct a new hearing on same, arguing that (a) this Court did not apply the correct legal standard applicable to Defendants' alleged defense of *res judicata*; and

(b) an inherent conflict exists with respect to this Court's findings and conclusions pertaining the PCB's relationship with attorney Ronald D'Anna.

### *Res Judicata* Standard

PBC argues this Court committed a "manifest error of law" by incorrectly applying the "general *res judicata* analysis" when it should have applied the "modified *res judicata* analysis" as set forth in *Norfolk Southern Corp. v. Chevron U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004) ("*Norfolk*") (court "should have looked to the Settlement Agreement to determine what claims it precluded from future litigation").  PBC argued the applicability of *Norkfolk* on numerous occasions including at hearings and in pleadings.  The Court did not discuss or apply *Norfolk*'s "modified" standard in its Findings and Conclusions because *Norfolk* did not apply to the analysis at hand.  *Norfolk* modified "to what" *res judicata* applies, not "to whom."

Plaintiff's only argument was that it was not bound to the settlement terms. The Court resolved Plaintiffs contention by preliminarily concluding that Plaintiff was not likely to succeed on its assertion that it was not in privity with Mr. Coppola, and that it is likely Plaintiff was in privity with Mr. Coppola, both as his successor in interest, citing *Kloster Speedsteel AB v. Crucible, Inc.*, 793 F.2d 1565, 1582 (Fed. Cir. 1986) and *FDIC v. Bristol Home Mortg. Lending, LLC*, 08-81536-CIV, 2009 WL 2488302, at *7 (S.D. Fla. 2009), and also under the doctrine of nonparty preclusion, citing *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008).  *See* Findings and Conclusions, ¶¶ 44, 46, 54.

The parties never disputed the scope of the *substantive terms* of the settlement in the Prior Lawsuit, and that is the issue to which *Norfolk* would have been applicable. Rather, the Court was concerned with *to whom* the settlement applied, an issue not squarely addressed in *Norfolk*. Thus, it was not an error for the Court to determine that *Norfolk* did not limit its application of *res judicata*, or its preliminary conclusion that, in all likelihood, Plaintiff was at all material times in privity with Mr. Coppola.

**PCB's Relationship with Attorney Ronald D'Anna**

PCB argues that the Court's preliminary conclusion that PCB was "adequately represented" by attorney Ronald D'Anna in the Prior Litigation and that PCB "assumed control" over the litigation, is inconsistent with its conclusion that PCB's communications with Attorney D'Anna are not privileged.

In footnote 3 of its Findings and Conclusions, the Court explained that with respect to the communications contained in Exhibits 8, 11, 12, 13 and 30, no attorney client relationship existed between Plaintiff and Mr. D'Anna and thus those communications were not privileged. This finding is consistent with the testimony the Court received both from Mr. Davidson, Plaintiff's corporate representative, and from Mr. D'Anna.

In particular, Mr. Davidson testified:

Q. Are you asserting the attorney-client privilege with respect to any communications you had with Mr. D'Anna concerning the Casaro litigation?

A. No. He was not the attorney for the company.

[Transcript, p. 192].  Similarly, Mr. D'Anna testified:

> Q.  Were there ever any -- was there any expectation, ever, during the course of the Peter Coppola case, that any of your communications with Mr. Davidson were considered to be confidential or subject to the attorney-client privilege?
>
> A.  No.
>
> Q.  Why not?
>
> A.  They weren't. The first time Joe Davidson addressed the subject matter of retaining me was in a text message he sent me on February 26th of 2014, and he said, in the text, I want to discuss a retainer with you. About two or three weeks later, the infighting started, it was the last I heard of the request. I never operated -- I never followed up on it, I couldn't follow up on it because Peter's relationship with the company was, at times, rocky. Of course, I was honored that they would ask me, but I would never be able to represent them because I couldn't represent both at the time. I never rendered a bill for services, nor did I have an expectation of being paid.

[Transcript, p. 201-202].  Accordingly, there is nothing manifestly erroneous, as Plaintiff suggests, with the Court's finding in footnote 3 that no attorney client relationship existed between Mr. D'Anna and PCB, and no privilege therefore applies.

Nor did the Court err in holding that, as to the foregoing exhibits, the common interest privilege does not apply.  "[T]he common-interest privilege applies when clients with separate attorneys share otherwise privileged information in order to coordinate their legal activities." *In re Ginn-LA St. Lucie Ltd., LLLP,* 439 B.R. 801, 805 n.4 (Bankr. S.D. Fla. 2010).  Sharing a desire to succeed in an action is not enough to create a common interest where there is no evidence of an agreement, the third-party was never party to the action, and the third-party never exercised control

over or contributed to legal expenses.  *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 893 (S.D. N.Y. 1999).  *See* DE 130 at 3, Magistrate Judge Brannon's Omnibus Order.

In the Prior Lawsuit, Plaintiff and Mr. Coppola did not have "separate attorneys" who "shared otherwise privileged information."  Nor was there a "coordination of legal activities" between separate attorneys in that case.  *See id*.

Further, (1) there was no agreement between Plaintiff and Mr. Coppola; (2) Plaintiff was not a party to the Prior Lawsuit; and (3) Plaintiff did not contribute to Mr. Coppola's legal expenses.  *See id*.  Thus, while Plaintiff and Mr. Coppola may have "shared a desire to succeed" in the Prior Lawsuit, that is not enough to create a common interest privilege.

Plaintiff argues that the Court's finding that there was no common interest is inconsistent with the Court's finding that Mr. Coppola "adequately represented" Plaintiff in the Prior Lawsuit.  This is incorrect.  The Court preliminarily concluded that on a final determination of the merits of this case, it is likely that it will be determined that Plaintiff's interests were "closely aligned" with those of Mr. Coppola such that he adequately represented those interests in the Prior Lawsuit.  Findings and Conclusions, ¶ 56.  But this "shared desire to succeed" is not enough to create a common interest privilege where the other requirements set forth above have not been satisfied.  In other words, it is possible to conclude that Mr. Coppola adequately represented Plaintiff's interests for purposes of privity, even though the more rigid

requirements for assertion of the common interest privilege were not met.

Plaintiff argues that the Court found that "Attorney D'Anna represented PCB's interests." DE 123 at 8.  But the Court did not make that finding.  Rather, the Court found that Mr. Coppola likely adequately represented Plaintiff's interests.  Findings and Conclusions, ¶ 56.  For example, Mr. Coppola was an ambassador for Plaintiff and held its largest personal share, he and Plaintiff agreed to share the damages recovered in the Prior Lawsuit, and, as Mr. D'Anna testified, "if Peter did well, the company did well." Findings and Conclusions, ¶¶ 57 and 59.  Plaintiff's commingling of Mr. Coppola's representation of its interests with Mr. D'Anna's does not support its position that the Court's findings are inconsistent and flawed.  Thus, the Court's Findings and Conclusions are not inconsistent and no error was committed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff, Peter Coppola Beauty, LLC's Motion to Amend the Findings of Fact & Conclusions of Law Pursuant to Fed. R. Civ. P. 52(b) and/or For a Rehearing Pursuant to Fed. R. Civ. P. 59 **[DE 123] is DENIED IN ITS ENTIRETY.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of February, 2016.

                                                                              KENNETH A. MARRA
                                                                              United States District Judge