UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 14-81488-CIV-Marra/Matthewman

PETER COPPOLA BEAUTY, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

CASARO LABS, LTD., a New
York limited liability company,
SAMUEL LUBLINER, an individual,
and RODNEY VICARRI, an individual,

    Defendants/Third Party Plaintiffs,

vs.

PETER COPPOLA, an individual,

    Third Party Defendant.

_____/



FILED by ___ D.C.
JUL 1 6 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING JUDGMENT CREDITOR CASARO LABS LTD.'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AGAINST PETER COPPOLA BEAUTY, LLC, AND FOR IMPLEADER OF DAVIDSON GROUP, LLC AND COPPOLA BEAUTY, LLC INTO PROCEEDINGS SUPPLEMENTARY [DE 327]

**THIS CAUSE** is before the Court upon Judgment Creditor, Casaro Labs Ltd.'s Motion to Commence Proceedings Supplementary against Peter Coppola Beauty, LLC, and for Impleader of Davidson Group, LLC and Coppola Beauty, LLC into Proceedings Supplementary ("Motion") [DE 327]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 332. The Motion is fully briefed. *See* DEs 333, 334. The matter is now ripe for review.

## I. BACKGROUND

As a result of prior litigation, Casaro Labs Ltd. (the defendant in the underlying litigation) is a judgment creditor, and Peter Coppola Beauty, LLC (the plaintiff in the underlying litigation) is a judgment debtor. As stated in the Final Judgment [DE 293] entered on August 9, 2017, Peter Coppola Beauty, LLC, owes Casaro Labs Ltd. $156,437.00 plus post-judgment interest. Casaro Labs Ltd. is now seeking to implead Davidson Group, LLC and Coppola Beauty, LLC, under an alter ego theory. In this Order, the Court will refer to Casaro Labs Ltd. as "Casaro," Peter Coppola Beauty, LLC, as "Judgment Debtor," third party Davidson Group, LLC as "Davidson," and third party Coppola Beauty, LLC as "Coppola."

On April 10, 2018, Casaro filed a Motion to Commence Proceedings Supplementary [DE 303] pursuant to Federal Rule of Civil Procedure 69 and section 56.29, Florida Statutes. Casaro requested the entry of an order commencing proceedings supplementary to execution against Judgment Debtor and Davidson. *Id.* Casaro specifically cited to sections 56.29(1), (3)(a) and (9), Florida Statutes, as the basis for the relief it sought. *Id.* The motion did not request the issuance of a Notice to Appear, and the motion was not served upon non-party, Davidson.

The first Motion to Commence Proceedings Supplementary [DE 303] was initially granted as to both Judgment Debtor and Davidson. *See* DE 304. However, after Davidson received notice of the first Motion to Commence Proceedings Supplementary, it filed a Motion to Vacate [DE 314]. The Court held the hearing on the matter on March 19, 2018.[1] *See* DE 324. The Court ultimately determined that proceedings supplementary had been improperly initiated as to Davidson, which is not a judgment debtor, as a result of Casaro's deficient Motion to

---

[1] At the March 19, 2018 hearing, counsel for Casaro acknowledged that counsel had incorrectly cited to sections 56.29(1), (3)(a) and (9), Florida Statutes, in Carsaro's Motion to Commence Proceedings Supplementary [DE 303]. Casaro's counsel conceded that Casaro was actually traveling under sections 56.29(2) and (3), Florida Statutes, in the Motion to Commence Proceedings Supplementary, and yet its motion had not sought the issuance of a Notice to Appear in compliance with section 56.29(2), Florida Statutes.

2

Commence Proceedings Supplementary. *See* DEs 325, 326, 332. More specifically, the Court found that Casaro had not followed the proper Notice to Appear procedure pursuant to Federal Rule of Civil Procedure 69 and section 56.29(2), Florida Statutes, in its first Motion to Commence Proceedings Supplementary [DE 303].

## II. MOTION, RESPONSE, AND REPLY

With permission of the Court, Casaro filed a second Motion to Commence Proceedings Supplementary against Peter Coppola Beauty, LLC, and for Impleader of Davidson Group, LLC and Coppola Beauty, LLC into Proceedings Supplementary [DE 327] on April 10, 2018. Casaro is now moving to institute supplementary proceedings against Judgment Debtor and to implead Davidson and Coppola pursuant to sections 56.29(1), (2), (3), and (6), Florida Statutes. *Id.* at p. 7. Casaro asserts that, pursuant to section 56.29(2), it is not required to file an impleader complaint so long as it requests that the Court enter a Notice to Appear. *Id.* at p. 9.

In response, Davidson[2] first asserts that Casaro has improperly blended two separate claims for relief under theories of fraudulent transfer and alter ego. [DE 333, p. 2]. Davidson argues that the procedure for impleading third parties under section 56.29(2) cannot be utilized with regard to Davidson's property because, by its own language, that section applies only to "property of the judgment debtor." *Id.* at p. 3. Davidson further contends that the property at issue now belongs to Davidson, not Judgment Debtor. *Id.* Davidson asserts that Casaro should have filed a complaint under section 56.29(9) in order to implead it. *Id.* at p. 4.

Davidson next argues that Casaro has failed to establish that this Court has jurisdiction to hear its alter ego claim because, "while this Court may have jurisdiction to implead Davidson Group in connection with the pursuit of former assets of PCB that were allegedly fraudulently transferred to it, the Court lacks jurisdiction to hold Davidson Group liable for the underlying

---

[2] The Court notes that neither Judgment Debtor nor Coppola has filed a timely response to the Motion.

3

judgment under the alter ego doctrine unless Casaro separately establishes the Court's original jurisdiction over such a claim." [DE 333, p. 6]. Davidson contends that Casaro should be required to file and serve an impleader complaint, thus allowing the Court to determine whether it has jurisdiction over the claim. *Id.* Davidson argues that the Motion is also deficient for multiple reasons, including because it seeks the issuance of a single Notice to Appear addressed to two parties which sets forth multiple theories of recovery. *Id.* at pp. 6-9. Davidson asserts that the proposed Notice to Appear is defective since it fails to describe the subject property with reasonable particularity and deviates from Section 56.29(2) and misstates key facts. *Id.* at pp. 10-12. Davidson further asserts that the proposed order is defective. *Id.* at p. 13.

In reply, Casaro notes that Davidson does not dispute that the Court has authority to implead it into this proceeding as a third party and suggests that the Court grant the Motion "insofar as it requests impleading of Davidson Group, and issue a Notice to Appear." [DE 334, p. 1]. Casaro argues that the Court has ancillary jurisdiction over this matter against Davidson for the value of the fraudulently transferred property, even under Casaro's alter ego theory. *Id.* at pp. 2-6. Casaro contends that Davidson has cited no legal authority for requiring multiple Notices to Appear, but Casaro has attached separate Notices to its Reply any way. *Id.* at p. 6. Casaro maintains that it has sufficiently described the property it is seeking in the Notices to Appear. *Id.* at pp. 7-8.

### III. ANALYSIS

a. Jurisdiction

The first issue is whether the Court has jurisdiction over this matter. The Eleventh Circuit has held that a federal court's ancillary jurisdiction extends to post-judgment avoidance of fraudulent transfers. *See Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015).

This Court has concluded that *Straub* held, in effect, that "a court's ancillary jurisdiction to enter a monetary judgment against the third-party recipient of a fraudulent transfer is limited to the relief the Court could award in a disgorgement action. In other words, funds in the possession of a third-party recipient of a fraudulent transfer that are the type of funds that could be awarded in a disgorgement action are assets already subject to the original judgment, and therefore subject to the Court's ancillary jurisdiction." *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 11-80507-CIV-Marra/Matthewman, 2016 WL 3251165, at *3 (S.D. Fla. June 14, 2016), *appeal dismissed* (Aug. 31, 2016). In *Branch Banking*, this Court further explained that it had ancillary jurisdiction to "enter a judgment against [the impleader-defendant's] general assets only to the extent those assets would be subject to a disgorgement action. In other words, the Court can enter a judgment against [the impleader-defendant's] general assets only to the extent [the impleader-defendant] was unjustly enriched by the fraudulent transfers." *Id.*

In a recent Middle District of Florida case in which a party moved to commence proceedings supplementary pursuant to section 56.29(2), the Court found that it had jurisdiction over the proceedings. Specifically, the Court explained the following:

> While a federal court has ancillary jurisdiction over "a broad range" of proceedings supplementary involving the execution of federal judgments as to third parties, "including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances," "ancillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party." *Peacock v. Thomas*, 516 U.S. 349, 356 359 (1996); *see* Fed. R. Civ. P. 82 (explaining that procedural rules, such as Rule 69, governing the procedure for the execution of judgments, do not "extend or limit the jurisdiction of the district courts or the venue of actions in those courts").

> The Supreme Court has made clear that its recognition of proceedings supplementary has not "extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment," and, importantly, it has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Compare Peacock*, 516 U.S. at 351, 356–70 (concluding that

5

the district court lacked jurisdiction over a judgment creditor's supplementary proceeding to impose liability for a money judgment on a third party), *with Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (concluding that the district court had ancillary jurisdiction to void a transfer pursuant to § 56.29(6) of the Florida Statutes because the judgment creditor sought to disgorge assets the judgment debtor fraudulently transferred to a third party but did not seek "to impose liability for a judgment on a third party").

*KHI Liquidation Tr. v. S&T Painting*, No. 8:17-MC-133-T-35JSS, 2018 WL 1726435, at *1–2 (M.D. Fla. Apr. 10, 2018); *see also SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-MC-00008-CEH-JSS, 2018 WL 1726434, at *2-3 (M.D. Fla. Apr. 10, 2018).

Based on the above case law, the Court finds that it has jurisdiction over Casaro's Motion and all related matters. Therefore, the Court has jurisdiction to implead Davidson and Coppola, and disgorge assets Judgment Debtor allegedly fraudulently transferred to them. However, the Court lacks jurisdiction to hold Davidson and Coppola liable for the Judgment unless Casaro separately establishes the Court's original jurisdiction over such a claim. In order for Casaro to hold Davidson or Coppola liable for the Judgment, Casaro would have to file and serve an impleader complaint in which it could allege its alter ego theory of liability.[3] *See KHI Liquidation Tr*, 2018 WL 1726435, at *2; *SMS Fin. J, LLC*, 2018 WL 1726434, at *3.

b. <u>Whether Casaro Is Properly Proceeding under § 56.29(2), Florida Statutes</u>

Davidson argues that, since Casaro discusses fraudulent transfers in its Motion, it is traveling under Chapter 726, which deals with fraudulent transfers, and must file a supplemental complaint. However, it is clear to the Court that Casaro is not seeking relief under Chapter 726 at this point and that Casaro, therefore, is not required to file a supplemental complaint under

---

[3] In Casaro's Reply, it explicitly states that it is "not seeking to hold Davidson Group liable for the Final Judgment and is not seeking to amend the Final Judgment to including Davidson Group as a party to the Final Judgment." [DE 334, p. 5]. Casaro further clarifies that it is "only seeking a finding from the Court that Davidson Group is PCB's alter ego or a successor, so that like PCB, Davidson Group can be held responsible for attorney's fees and costs under § 56.29(8), should the fraudulently transferred assets not satisfy Casaro's award of fees and costs against PCB." *Id.* at pp. 5-6.

section 56.29(9) at this juncture. *See* DE 334, p. 2, n. 2. Casaro is instead traveling under section 56.29(2) and has complied with the language of that subsection. The fact that Casaro mentions fraudulent transfers in its Motion does not mean that it has to follow the procedure from section 56.29(9).

Moreover, the Court finds no merit in Davidson's argument that Casaro cannot proceed under section 56.29(2) because that section requires that the "property of the judgment debtor" be at issue. Davidson has cited no law that supports its strict reading of the subsection. Furthermore, the Fourth District Court of Appeal, in analyzing the Florida statute has explained as follows: "We conclude that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1121 (Fla. Dist. Ct. App. 2018). Thus, it appears that property of the alter ego falls within section 56.29(2).

c. Whether the Notices of Appearance Are Sufficient

The Notice to Appear procedure under section 56.29(2) is very specific and requires that Davidson and Coppola be notified of the property, debt, or other obligation that may be available to satisfy the judgment; it must provide the third parties with the opportunity to present defenses; it must indicate that discovery as provided under the rules of civil procedure is available; and it must advise that there is a right to a jury trial. Fla. Stat. §56.29(2). The Court finds that Casaro's proposed Notices of Appearance [DEs 334-3 and 334-4] are sufficiently specific, that

they describe the property at issue with reasonable particularity, and that they fully comply with the Florida Statutes.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Casaro Labs Ltd.'s Motion to Commence Proceedings Supplementary against Peter Coppola Beauty, LLC, and for Impleader of Davidson Group, LLC and Coppola Beauty, LLC into Proceedings Supplementary [DE 327] is **GRANTED**.

2. The Court notes that the dates contained in Paragraph 6 in the proposed Notices to Appear [DE 334-3] need to be updated and that certain other information was left blank in anticipation of this Order being issued. Therefore, within five (5) days of the date of this Order, Casaro shall file updated proposed Notices to Appear with the Court. Assuming the updated Notices to Appear are proper, the Court will issue a further Order requiring the Clerk of Court to issue the Notices to Appear and requiring Casaro to serve the Notices to Appear.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of July, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE