UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 14-81488-CIV-Marra/Matthewman

PETER COPPOLA BEAUTY, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

CASARO LABS, LTD., et al.,

    Defendants/Third Party Plaintiffs,

vs.

PETER COPPOLA, an individual,

    Third Party Defendant.
_____/

FILED by _____ D.C.
NOV 0 9 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DAVIDSON GROUP, LLC'S MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT REGISTRY AND FOR ISSUANCE OF SATISFACTION OF JUDGMENT UPON DEPOSIT [DE 364]

**THIS CAUSE** is before the Court upon Davidson Group, LLC's ("Davidson") Motion for Leave to Deposit Funds into Court Registry and for Issuance of Satisfaction of Judgment upon Deposit ("Motion") [DE 364]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 332. Judgment Creditor, Casaro Labs, Ltd. ("Casaro") filed a response [DE 377] in opposition to the Motion, and Davidson filed a reply [DE 378].

### I.     Background

On August 9, 2017, this Court entered a Final Judgment in favor of Casaro and against

1

Peter Coppola Beauty, LLC in the amount of $156,437.00, plus post-judgment interest. *See* DE 293. The Court explicitly reserved jurisdiction "on the issue of attorney's fees and costs pursuant to the parties' Mediation Settlement Agreement and pursuant to the Mediation Settlement Agreement dated May 3, 2016 and the Settlement Agreement Regarding Payment of the Settlement Sum dated June 12, 2017." *Id.* (italics omitted). Casaro has only received $5,093.85 towards the Judgment. [DE 331]. Casaro has recently impleaded Davidson and Coppola Beauty, LLC, into this action, but the process has been lengthy and unnecessarily convoluted. *See* DEs 304, 325, 326, 332, 335, 337, 339, 354, 359, 360, 361, and 362.

## II.   **Davidson's Motion**

According to the Motion, Davidson "simply wants to stop the bleeding" at this point. [DE 364, p. 2]. Davidson argues that, while it strongly believes it would ultimately prevail on the merits, it does not want to expend costs and fees that exceed the amount of the Final Judgment. *Id.* Davidson cites sections 55.141(1), (2) and (3), Florida Statutes, for the premise that payment into the court registry satisfies the Judgment and that there is no requirement that Casaro consent to the satisfaction of the Judgment. *Id.* at pp. 2-3. Davidson also cites Federal Rule of Civil Procedure 67(a) to support its position that it can simply deposit with the Court the total amount of the Final Judgment. *Id.* at p. 3. Davidson asserts that the total amount left to be paid towards the Judgment as of September 27, 2018, is $153,721.55 (plus $5.27 in interest for each day after September 27, 2018). *Id.* Davidson requests that the Court enter an order "permitting Davidson Group, LLC, to deposit the Judgment Amount into the court registry, requiring the Clerk of Court to issue a satisfaction of the Judgment pursuant to section 55.141 upon the deposit of the Judgment Amount into the court registry, and granting such other and further relief as this Court deems just

and proper." *Id.* at pp. 3-4.

### III. Casaro's Response

In response, Casaro contends that Peter Coppola Beauty, LLC, "is not entitled to a satisfaction of judgment upon Davidson Group's deposit of funds into the Court Registry until the Court determines Casaro Labs' attorney's fees and costs pursuant to the Final Judgment." [DE 377, p. 2]. Casaro further contends that Davidson is also liable for Casaro's attorney's fees and costs because Davidson "is a party to the Mediation Settlement Agreement pursuant to which the Court reserved jurisdiction to award attorneys' fees." *Id.* Casaro maintains that "should the Court grant the Motion to Deposit Funds, Casaro Labs is entitled to a determination by the Court of its attorney's fees and costs against PCB and…Davidson Group, as the Court specifically retained jurisdiction over that issue in the Final Judgment." *Id.* at p. 3. Casaro argues that this Court has jurisdiction over the attorney's fees and costs issue because it specifically retained jurisdiction in the Final Judgment and also pursuant to sections 57.115 and 56.29, Florida Statutes. *Id.* at p. 4.

### IV. Casaro's Reply

In reply, Davidson first notes that Casaro does not dispute the underlying calculations or the amount that Davidson wishes to deposit into the court registry. [DE 378, p. 2]. Davidson next asserts that "Florida case law is clear that fee issues in judgments are collateral matters independent from the judgment itself and, therefore, are not impacted by and have no impact on the satisfaction thereof." *Id.* at p. 3. Davidson also cites a recent case from this District, *Alhassid v. Nationstar Mortgage*, LLC, 14-cv-20484, 2018 WL 745956, at *3-4 (S.D. Fla. Feb. 7, 2018), to support its position. *Id.* at p. 4. Davidson argues that "there is no language anywhere in Section 55.141 which requires that entitlement and amount of attorney's fees be determined prior to the

satisfaction of a judgment and included in the tendered amount." *Id.*

Next, Davidson asserts that "Casaro's desperate claim that Davidson was somehow required to perform PCB's payment obligations under the Mediation Settlement Agreement and is therefore currently jointly responsible for its attorney's fees along with PCB is irrelevant to the satisfaction issue and is patently false." [DE 378, p. 5]. Davidson maintains that the Mediation Settlement Agreement "very clearly required only PCB to the make the payments." *Id.* Davidson does not dispute Casaro's contention that the Court retained jurisdiction to entertain a motion for attorney's fees and costs even after satisfaction of the Judgment. *Id.* at p. 6. However, Davidson believes that the motion for attorney's fees and costs would have to be directed solely against Peter Coppola Beauty, LLC, the judgment debtor, either under the Judgment itself or pursuant to section 56.29(8), Florida Statutes. *Id.*

## V. Court's Analysis and Findings

The Court has carefully reviewed the Motion, response, and reply, as well as the entire docket in this case. The sole issue before the Court is whether Davidson should be permitted to deposit monies in the total amount of the Final Judgment in the court registry, and, subsequently a a satisfaction of the judgment should be issued, or whether the Court should deny the relief sought by Davidson because there is an outstanding issue regarding attorney's fees and costs.

First, the Court finds that the procedure suggested by Davidson is proper and appropriate in this case and that the attorney's fees and costs issue does not need to be decided before a satisfaction of the judgment can be issued. *See Alhassid v. Nationstar Mortgage, LLC*, No. 14-CV-20484, 2018 WL 745956, at *4 (S.D. Fla. Feb. 7, 2018) (quoting *Zelaya v. Bartholomai*, No. 02-22552-CIV-GRAHAM/O'SULLIVAN, at 8 (S.D. Fla. Mar. 20. 2006). ("Plaintiff's claim

for post-judgment attorneys' fees—in the form of her motion for appellate attorneys' fees—is collateral to the Court's Final Judgment awarding fees and costs. The Final Judgment was paid in full on June 1, 2017. Thus, Plaintiff's claim for appellate attorneys' fees, 'which is not certain or liquidated, does not defeat [Defendant's] entitlement to satisfaction[ ] of the judgment[ ].'" Moreover, such a procedure makes complete common sense and serves to limit the issues before this Court. This promotes judicial economy. It seems counter-intuitive that a judgment creditor such as Casaro would object to the proposal of a judgment debtor such as Davidson to pay the entire judgment with interest. There is simply no justifiable reason to delay full payment of the prior judgment merely because some attorney's fees and costs issues remain.

Second, the Court clearly has jurisdiction to determine any future or pending motion for attorney's fees and costs filed by Casaro against Peter Coppola Beauty, LLC, pursuant to the Final Judgment or Florida law. Davidson and Casaro both agree that the Court has jurisdiction to determine such a motion against Peter Coppola Beauty, LLC. The Court one again specifically retains jurisdiction to entertain any pending or future motions for attorney's fees and costs.

Third, Davidson argues that it is not liable for attorney's fees and costs, but rather that only Peter Coppola Beauty, LLC, is liable for attorney's fees and costs. This is a collateral issue that does not preclude the Court from granting Davidson the relief it seeks in its Motion. The Court will rule on Casaro's Motion for Leave of Court to File Supplemental Complaint in Proceedings Supplementary [DE 365] by separate Order and expressly retains jurisdiction to determine the issue of Davidson's liability for attorney's fees and costs.

Third, the Court finds that the calculations set forth in the Motion are correct and notes that Casaro has not explicitly objected to the proposed amount that Davidson believes would satisfy the

Final Judgment.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. Davidson Group, LLC's Motion for Leave to Deposit Funds into Court Registry and for Issuance of Satisfaction of Judgment upon Deposit [DE 364] is **GRANTED**.

2. Davidson Group, LLC, shall submit to the Clerk of Court $153,721.55 (plus $5.27 in interest for each day after September 27, 2018, through the date that the money is deposited). The form of payment may be cashier's check, corporate check, or money order. Payment shall be made to Clerk of Court, U.S. District Court of the Southern District of Florida.

3. The Clerk of Court is **DIRECTED** to hold Davidson Group, LLC's deposit in the court registry until further order of the Court.[1]

4. The Clerk of Court is also **DIRECTED** to issue a satisfaction of the Final Judgment [DE 293] upon receipt of the deposit.

5. The Court explicitly retains jurisdiction to determine any pending or future motions for attorney's fees and costs against Peter Coppola Beauty, LLC, Davidson, and/or any Coppola Beauty, LLC.

**DONE and ORDERED** in Chambers this 9th day of November, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will consider any future motion for disbursement of funds filed by Casaro.